PER CURIAM.
Appellants’ deceased was a bystander struck by an ambulance rendered out of control by an immediately preceding collision with another vehicle. Apparently, the ambulance driver refrained from rendering any assistance to appellants’ deceased, and appellants charge the driver, his employer, and its insurers with responsibility for the ensuing death.
Granting defendants’ motion for summary judgment, the trial court found, as a matter of law, that no duty “to render medical care and attention” was owed by the driver to the now deceased.
We reverse.
The driver of any vehicle involved in an accident ... shall render to any person injured in the accident reasonable assistance, including the carrying, or the making of arrangements for the carrying, of such person to a physician, surgeon, or hospital for medical or surgical treatment if it is apparent that treatment is necessary, or if such carrying is requested by the injured person.
§ 316.062(1), Fla.Stat. (1977) (e.s.) See Fuentes v. Reilly, 590 F.2d 509 (3d Cir. 1979); Brooks v. E. J. Willig Truck Transp. Co., 40 Cal.2d 669, 255 P.2d 802, 808 (1953); Restatement (Second) of Torts § 322 (1965).
Reversed and remanded for further disposition not inconsistent with this opinion.